IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| NOVO POINT LLC, <br> QUANTEC LLC, and <br> GARY SCHEPPS, <br>     *Petitioners*, <br> vs. <br> ECLINICALWORKS LLC, <br>     *Respondent* <br> _____ <br> DOMAIN VAULT LLC, <br>     *Plaintiff*, <br> vs. <br> ECLINICALWORKS LLC, <br>     *Defendant*. | MISCELLANEOUS ACTION <br><br> No. _____ <br><br><br><br><br><br> Civil Action No. 1:14-cv-2621 <br><br> (D. CO.) |

## MOTION TO QUASH SUBPOENAS & BRIEF IN SUPPORT

Pursuant to Fed.R.Civ.P. 45(d), Petitioners, Novo Point LLC, Quantec LLC, and Gary Schepps jointly make the following motion to quash the subpoenas attached as Exhibit "A", copies of which were served by respondent, eClinicalWorks LLC, ("E-Works"), upon Gary Schepps and Lisa Katz, which commands said individuals, and purports to command the petitioners Novo Point LLC and Quantec LLC, to produce privileged matter including details of trade secret business transactions, attorney-client communications, private banking records and other trade secrets. The subpoenas were served in bad faith, seeking attorney-client communications, attorney work product, and a wildly expansive scope of documents, including for example "[a]ll Documents and Communications concerning Your [the LLCs' operations manager] work for Novo Point, Quantec".

Gary Schepps is an attorney who has represented Novo Point LLC and Quantec LLC in a number of appellate cases before the U.S. Court of Appeals and in a handful of UDRP arbitration disputes. Mr. Schepps has also represented Domain Vault LLC with respect to corporate matters and in a handful of UDRP disputes.

Novo Point LLC and Quantec LLC are not parties to the eClinicalWorks LLC dispute, and the material requested by eClinicalWorks LLC is not relevant to any claim or defense at dispute in those proceedings. Rather, it appears that counsel for eClinicalWorks LLC is obliging one Mr. Jeffrey Baron in an attempt to, once again, improperly seek privileged materials that have been repeatedly protected from disclosure by court order.[1]

## I. BACKGROUND

1. The issue in the eClinicalWorks LLC case is whether the term "eClinical Work" is a generic term, or, if not, whether the plaintiff in that action, Domain Vault, believed and had reasonable grounds to believe that the use of the domain name was lawful because the name was a generic term.[2] eClinicalWorks LLC has, moreover, conceded in that suit that "Only those factors unique to the case should be considered".[3]

---

[1] *E.g.,* Doc 1442 in case 3:09-cv-00988-L (N.D. Tex.), at page 6.

[2] *See* District of Colorado civil Action No. 1:14-cv-2621-WJM-CBS, Doc 27 at page 22; 15 USC 1125 (d)(1)(B)(ii)("bad faith intent ... shall not be found in any case in which the court determines that the person believed and had reasonable grounds to believe that the use of the domain name was ... lawful.").

[3] Doc 30, (citing *Cleary Bldg. Corp. v. Dame,* 674 F. Supp. 2d 1257, 1265 (D. Colo. 2009); *Lahoti v. Vericheck, Inc.,* 586 F.3d 1190, 1202 (9th Cir. 2009)).

2.   Under the guise of issues relevant to its lawsuit, eClinicalWorks LLC now seeks disclosure of material of interest only to Mr. Jeffrey Baron.  Baron's confederate, David McNair, is involved in a suit pending in the Northern District of Texas, case 3:14-cv-01126-L, relating to his racketeering activities with Mr. Baron and their interference with the assets of Domain Vault, LLC.

3.   Baron, who has been declared a vexatious litigant by the U.S. District Court, (N.D. Tex),  has previously attempted on multiple occasions to act directly or through surrogates, to obtain the private and confidential records of Novo Point LLC and Quantec LLC.

4.   Baron's efforts have not been successful.  The Federal Courts have long recognized the trade secret nature of the confidential business and transaction records of Novo Point LLC and Quantec LLC, and have strictly prohibited Baron from acquiring the information.[6] If Baron were allowed to acquire the records he seeks, the value of the assets relating to Novo Point LLC and Quantec LLC would be placed at substantial risk; even Baron judicially admitted this fact.[7]

---

[6] *See e.g.,* Doc 1079 in case 3:09-cv-00988-L (N.D. Tex.), at page 2 ("this Court is concerned that Mr. Baron's counsel proposes simultaneously that Mr. Baron would not see the electronic files under an "Attorney's Eyes Only" protective order ... **Mr. Baron may not evade a protective order which would prevent him from personally viewing material**").

[7] *E.g.,* Doc 792-1, case 3:09-cv-00988-L (N.D. Tex.), at page 18, (Baron states under penalty of perjury that disclosure of the domain information **is destructive** ... [it opens] critical development plans to **being stolen**, and would also in my opinion as a founder in the domain name industry, massively multiply the litigation").

5.   The risk of harm is so substantial that the fact that Baron might be in possession of the information could significantly diminish the value of the related assets because it would deter potential joint buyers and venture partners.[8]

6.   The subpoenas subject of this motion were issued in the name of eClinicalWorks LLC, but with the hallmarks of Baron litigation practices.  For example, in direct violation of Fed.R.Civ.P. 45(a)(4), eClinicalWorks LLC failed to serve a copy of the subpoenas and failed to provide notice of the subpoenas to the parties in the eClinicalWorks lawsuit prior to service.

7.   Likewise, in violation of Fed.R.Civ.P. 45(d)(1) eClinicalWorks LLC made no effort to take any steps to avoid imposing undue burden on expense upon the deponents.  Notably, eClinical Works failed to conference with counsel in the eClinicalWorks case, or with the deponents subject of the subpoenas, to arrange a reasonable date and time for depositions prior to service of the subpoenas.

## II. THE SCOPE OF THE ECLINICALWORKS LLC SUIT

8.   The eClinicalWorks case involves claims and counter-claims which are all based upon 15 USC 1125 (d) and involve Domain Vault LLC's registration of the domain name "eclinicalwork.com".

9.   In the case, the plaintiff and counter-defendant Domain Vault, LLC, pled a single, specific defense:  Its registration of the domain name 'eclinicalwork.com" was not unlawful because the name is a generic term.  An order denying a motion for

---

[8] *See e.g.,* Doc 1071 in case 3:09-cv-00988-L (N.D. Tex.), at page 3 ("by obtaining information— particularly the electronic list of the domain names ... Baron will be in a position to ... ward off potential buyers")."

dismissal was entered in that case setting the framework for those proceedings. The court in that case ruled, in relevant part, as follows:

> "Domain Vault points to an allegation in its complaint that "the term 'eclinical work' is a generic term descriptive of work with electronic systems for automating the management of clinical trials." (ECF No. 1 ¶ 2.) Because a generic term cannot be a distinctive mark, see, e.g., *Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 210–11 (2000), Domain Vault argues that it has sufficiently pleaded 'not unlawful' use under Subparagraph (v). (ECF No. 8 at 2–8.) The Court assumes that Domain Vault makes its allegation of genericness consistent with Federal Rule Civil of Procedure 11(b). As such, the Court must assume it to be true at this stage. *Ridge at Red Hawk*, 493 F.3d at 1177. Under that assumption, Domain Vault has stated a claim for 'not unlawful' use under Subparagraph (v). [9]

10. The sole issue in the eClinicalWorks case is that the registration or use of the domain name "by such registrant", i.e., Domain Vault LLC, is not unlawful.[10] The use or registration by prior registrants is not at issue.

11. Further, because Domain Vault LLC plead a single, specific ground for 'not illegal' registration, the general factors set forth in 15 U.S.C. § 1125(d)(1)(B)(i) are not relevant; Rather, the issue is determined by 15 U.S.C. § 1125(d)(1)(B)(ii) which negates 'bad faith' where the "person believed and had reasonable grounds to believe that the use of the domain name was … otherwise lawful."

---

[9] District of Colorado civil Action No. 1:14-cv-2621-WJM-CBS, Doc 27 at page 22, (referencing 15 U.S.C. § 1114(2)(D)(v)(" a civil action to establish that the registration or use of the domain name by such registrant is not unlawful under this chapter").

[10] 15 U.S.C. § 1114(2)(D)(v).

12. The issue in dispute in the eClinicalWorks LLC lawsuit is the genericness of the term 'eclinical work'. However, apparently in coordination with Mr. Baron, eClinicalWorks LLC is seeking expansive discovery under guise of relevance because Lisa Katz had provided an affidavit relating to the history of the domain name 'eclinicalwork.com" which was used in a UDRP arbitration proceeding preceding the current lawsuit. The scope of Katz' affidavit was limited to the fact the U.S. Receiver, acting on orders from the U.S. Federal Court had registered the name annually, that the generic domain name had been frozen by the domain name registrar to the parking page set up by the Federal Receiver, and that the domain name was transferred through an account set up by the Federal Receiver, as opposed to Domain Vault, LLC entering an initial registration to obtain the domain name.

13. By contrast, eClinicalWorks LLC has sought, in bad faith, information and all documents such as "All Documents and Communications referencing, relating or pertaining to Your relationship with Novo Point and/or Quantec as an employee, officer, member, or manager".

14. A court may find that a subpoena presents an undue burden when the subpoena is "facially overbroad." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). As discussed above, the subpoenas subject to this motion are facially overbroad.

### III. ATTORNEY CLIENT PRIVILEGE

15. The Supreme Court has ruled that the attorney-client privilege "exists to protect not only the giving of professional advice to those who can act on it but also

the giving of information to the lawyer to enable him to give sound and informed advice." *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981).   For centuries the attorney-client privilege doctrine has placed "the seal of secrecy upon communications between client and attorney is founded upon the necessity, in the interest and administration of justice, of the aid of persons having knowledge of the law and skilled in its practice, which assistance can only be safely and readily availed of when free from the consequences or the apprehension of disclosure".  *Hunt v. Blackburn*, 128 U.S. 464, 470 (1888).

16.   eClinicalWorks LLC has willfully sought to violate the attorney client-privilege and in bad faith has sought the disclosure of privileged communications and work product on a broad scope of topics well beyond the claims and defenses in dispute in eClinicalWorks LLC's lawsuit.

## IV. PRAYER

Based on the foregoing, Novo Point LLC, Quantec LLC and Gary Schepps respectfully request this Honorable Court to enter an order quashing the subpoenas attached as Exhibit "A",  and granting such other and further relief in favor of Novo Point LLC and Quantec LLC,  including but not limited to an award of sanctions and attorney's fees, as the Court finds just.

Respectfully submitted,

/s/ Christopher A. Payne
CHRISTOPHER A. PAYNE
Texas State Bar No. 15651500

                Law Office of Christopher A. Payne, PLLC

                6600 Lyndon B Johnson Fwy Ste 183

                Dallas, TX 75240

                Phone: 972 284-0731

                Fax: 214 453-2435

                chris@sandlerpayne.com


                /s/ Gary N. Schepps

                GARY N. SCHEPPS, PRO SE

                Texas State Bar No. 00791608

                5430 LBJ Freeway, Suite 1200

                Dallas, Texas 75240

                (972) 200-0000 - Telephone

                (972) 200-0535 - Facsimile

                Email: legal@schepps.net


## CERTIFICATE OF CONFERENCE

This is to certify that prior to the filing of this motion, attempts were undertaken to reach agreement with counsel for eClinicalWorks LLC with respect to the relief requested herein, but such attempts were unsuccessful.  Counsel for eClinicalWorks LLC expressly refused to withdraw the subpoenas subject of this motion.

    CERTIFIED BY:    /s/ Gary N. Schepps
                                  Gary N. Schepps